IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Christin Leon Greene** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | **Shelid L. Greene** | ☐ Check if this is an amended plan. |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| Case number (If known) | **20-40217** | |

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan:
   - ☐ contains nonstandard provisions. See paragraph 15 below.
   - ☑ does not contain nonstandard provisions.

   (b) This plan:
   - ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
   - ☐ does not value claim(s) that secures collateral.

   (c) This plan:
   - ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
   - ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**1,330.00** for the applicable commitment period of:

   ☑ 60 months: **or**

   ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☑ Debtor 1 __**100**__% ☐ Debtor 2 _____%

   ☐ Direct to the Trustee for the following reason(s):
   - ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   - ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s): _____

   (c) Additional Payments of $**0.00** (estimated amount) will be made on ___,___ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | **Christin Leon Greene** | Case number | **20-40217** |
|---|---|---|---|
| | **Shelid L. Greene** | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a)   **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b)   **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c)   **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)   **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (e)   **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (f)   **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Bridgecrest** | **2011 Lincoln MKT** | 8,000.00 | 5.00% | 151.00 |
| **SE Toyota Finance** | **2017 Toyota Camry** | 12,200.00 | 5.00% | 226.00 |

   (g)   **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; **or** ☐ without interest:

**None**

   (h)`  **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **100.00**% dividend or a pro rata share of $**45,978.00**, whichever is greater.

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                                                                    Best Case Bankruptcy

| Debtor | Christin Leon Greene | Case number | 20-40217 |
|---|---|---|---|
| | Shelid L. Greene | | |

5. **Executory Contracts**.

    (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| Acima Credit | Furniture | Assumed | 298.91 | Debtor |
| Progressive Leasing | Furniture | Assumed | 198.05 | Debtor |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph

| Debtor | **Christin Leon Greene** | Case number | **20-40217** |
|---|---|---|---|
|  | **Shelid L. Greene** |  |  |

8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

**15.**    **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:    **February 11, 2020**                    **/s/ Christin Leon Greene**
                                                                        **Christin Leon Greene**
                                                                                            *Debtor 1*

                                                                        **/s/ Shelid L. Greene**
                                                                        **Shelid L. Greene**
                                                                                            *Debtor 2*

                                                                        **/s/ Daniel C. Jenkins**
                                                                        **Daniel C. Jenkins 142345**
                                                                                            *Attorney for the Debtor(s)*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2020, a copy of the Chapter 13 Plan to be served by depositing same in the United States Mail, with adequate first-class postage affixed, addressed to those parties listed below:

- See attached Mailing Matrix

   In addition to the above referenced service upon the parties listed in the Mailing Matrix, I hereby certify that on February 12, 2020, a copy of the Chapter 13 Plan to be served on the following corporations, partnerships, or other unincorporated associations by depositing same in the United States Mail, with adequate first-class postage affixed, addressed to an agent or officer as listed below:

| | |
|---|---|
| Attn: Authorized Agent or Officer<br>Bridgecrest<br>PO Box 29018<br>Phoenix, AZ 85038-9018 | Attn: Authorized Agent or Officer<br>SE Toyota Finance<br>PO Box 91614<br>Mobile, AL 36691-1614 |

      This day, February 12, 2020.

                                            /s/ Daniel C. Jenkins
                                            Daniel C. Jenkins
                                            Attorney for the Debtor(s)
                                            Georgia Bar No. 142345

The Law Offices of Daniel C. Jenkins, LLC
24 Drayton St., Ste. 204
Savannah, GA 31401
912.480.9999
daniel@djenkinslaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-4<br>Case 20-40217-EJC<br>Southern District of Georgia<br>Savannah<br>Wed Feb 12 10:43:49 EST 2020 | AT&T<br>c/o Bankruptcy<br>1801 Valley View Ln<br>Dallas TX 75234-8906 | (p)ACCOUNT CONTROL TECHNOLOGY<br>21700 OXNARD STREET<br>SUITE 1400<br>WOODLAND HILLS CA 91367-3636 |
| Acima Credit<br>9815 S Monroe St Fl 4<br>Sandy UT 84070-4384 | Acima Credit<br>9815 S. Monroe St.<br>Sandy UT 84070-4296 | (p)AMERICOLLECT INC<br>PO BOX 2080<br>MANITOWOC WI 54221-2080 |
| Bridgecrest<br>PO Box 29018<br>Phoenix AZ 85038-9018 | Capital One Bank USA, NA<br>PO Box 30281<br>Salt Lake City UT 84130-0281 | Christin Leon Greene<br>Shelid L. Greene<br>279 Longleaf Circle<br>Pooler GA 31322-9395 |
| Comenity Bank<br>PO Box 182789<br>Columbus OH 43218-2789 | Contract Callers, Inc.<br>501 Green St.<br>Augusta GA 30901-4415 | Credence Resource Managment<br>PO Box 2300<br>Southgate MI 48195-4300 |
| Credit One Bank, NA<br>PO Box 98872<br>Las Vegas NV 89193-8872 | Daniel C. Jenkins<br>The Law Offices of Daniel C. Jenkins, LL<br>24 Drayton St., Ste. 204<br>Savannah, GA 31401-2733 | Flagship Credit Acceptance<br>PO Box 3807<br>Coppell TX 75019-5877 |
| Gas South<br>PO Box 723728<br>Atlanta GA 31139-0728 | Georgia Department of Revenue Compliance<br>ARCS Bankruptcy<br>1800 Century Blvd., NE, Ste. 9100<br>Atlanta GA 30345-3202 | Georgia Emergency Associates<br>5353 Reynolds St<br>Savannah GA 31405-6015 |
| Georgia Heritage Federal Credit Union<br>PO Box 1920<br>Savannah GA 31402-1920 | Global Lending Service<br>5 Concourse Pkwy<br>Atlanta GA 30328-7104 | Christin Leon Greene<br>279 Longleaf Circle<br>Pooler, GA 31322-9395 |
| Shelid L. Greene<br>279 Longleaf Circle<br>Pooler, GA 31322-9395 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 | Daniel C. Jenkins<br>Law Offices of Daniel C. Jenkins, LLC<br>24 Drayton St., Ste. 204<br>Savannah, GA 31401-2733 |
| Lendmark Financial Services<br>7805 Abercorn St.<br>Savannah GA 31406-2457 | O Byron Meredith III<br>P O Box 10556<br>Savannah, GA 31412-0756 | Midland Credit Management<br>320 East Big Beaver<br>Troy MI 48083-1271 |
| Midland Funding<br>320 East Big Beaver<br>Troy MI 48083-1271 | NelNet<br>PO Box 740283<br>Atlanta GA 30374-0283 | Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 |

| | | |
|---|---|---|
| Onemain<br>PO Box 1010<br>Evansville IN 47706-1010 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Progressive Leasing<br>256 Data Dr.<br>Draper UT 84020-2315 |
| SE Toyota Finance<br>PO Box 91614<br>Mobile AL 36691-1614 | Sallie Mae Bank, Inc.<br>PO Box 3229<br>Wilmington DE 19804-0229 | Synchrony Bank<br>PO Box 965036<br>Orlando FL 32896-5036 |
| US Department of Education<br>2401 International Lane<br>Madison WI 53704-3121 | US Department of Education<br>PO Box 82561<br>Lincoln NE 68501-2561 | USAA Savings Bank<br>10750 Mc Dermott<br>San Antonio TX 78288-1600 |
| Webbank<br>6250 Ridgewood Road<br>Saint Cloud MN 56303-0820 | Westcreek Financial<br>4951 Lake Brook Dr<br>Glen Allen VA 23060-9279 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Account Control Technology, Inc.<br>5531 Business Park S Suite 100<br>Bakersfield CA 93309 | Americollect, Inc.<br>1851 S. Alverno Road<br>Manitowoc WI 54221 | Portfolio Recovery Associates<br>150 Corporate Blvd.<br>Norfolk VA 23502 |

End of Label Matrix
Mailable recipients    40
Bypassed recipients     0
Total                  40